No. A–397. LEAD INDUSTRIES ASSN., INC., ET AL. *v.* MARSHALL, SECRETARY OF LABOR, ET AL.; and

No. A–404. NATIONAL ASSOCIATION OF RECYCLING INDUSTRIES, INC. *v.* MARSHALL, SECRETARY OF LABOR, ET AL. The requests of applicants, Lead Industries Association, Inc., and

National Association of Recycling Industries, Inc., for a stay of the Occupational Safety and Health Administration's final standard for occupational exposure to lead, 29 CFR § 1910.1025 (1979), and of the decision of the United States Court of Appeals for the District of Columbia Circuit sustaining in part and remanding in part that standard, 208 U. S. App. D. C. 60, 647 F. 2d 1189, are granted in the following respects, pending the filing and disposition of petitions for certiorari.

It is ordered the the following portions of 29 CFR § 1910.1025 (1979) are stayed:

(1) Sections 1910.1025 (e)(1), (4), (5), (6), which provide for compliance by engineering and work practice controls.

(2) Section 1910.1025 (e)(3), which governs written compliance programs, except for paragraph (F).

(3) Section 1910.1025 (f)(2)(ii), which relates to the use of respirators in situations in which engineering and work practice controls are not sufficient. During the period of this stay, employers shall provide a powered, air-purifying respirator in lieu of the respirator specified in Table II of (f)(2)(i) when the physical characteristics of the employee are such that the respirators specified in Table II are inadequate for his or her protection. All other sections of the regulation that refer to paragraph (f) shall incorporate only those portions of (f) not stayed herein.

(4) Section 1910.1025 (i), governing hygiene facilities and practices, to the extent that it requires the construction of new facilities or substantial renovation of existing facilities.

(5) Sections 1910.1025 (j)(2) and (j)(3)(ii)(D) insofar as they require biological monitoring and medical examination for zinc protoporphyrin; and § 1910.1025 (j)(3)(iii), which requires a multiple physician review mechanism.

(6) Section 1910.1025 (m), dealing with signs.

(7) Section 1910.1025 (r), startup dates, to the extent that its obligations are inconsistent with the substantive requirements of this order.

The motion to stay the application of all other sections of the standard not specifically stayed by this order is denied.

The motion to stay the judgment and order of the Court of Appeals is granted insofar as the judgment and order require action inconsistent with the stay hereby entered. Otherwise, the motion to stay the judgment and order is denied, including the motion to stay the administrative proceedings ordered by the Court of Appeals.

JUSTICE POWELL took no part in the consideration or decision of these applications.